O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#20
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3669 PSG (Ex) | Date | December 28, 2010 |
|---|---|---|---|
| Title | Robert P. Mosier, as Receiver for Private Equity Management Group Inc., *et al.* v. HSBC Bank USA, N.A. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant's motion to dismiss

Pending before the Court is Defendant HSBC Bank USA, N.A.'s motion to dismiss the Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the Motion.

I.      Background

On April 24, 2009, the Securities and Exchange Commission initiated an action against Private Equity Management Group, Inc., Private Equity Management Group LLC (collectively, "PEMGroup"), and Danny Pang, alleging that PEMGroup engaged in a range of fraudulent conduct and securities violations, including making material misrepresentations regarding the use of investors' funds and diverting the funds for improper purposes. *See S.E.C. v. Private Equity Management Group, Inc. Case No.* CV 09-2901-PSG (Ex). On July 2, 2009, the Court issued a Preliminary Injunction and Order that, among other things, appointed Robert P. Mosier (the "Receiver") as permanent receiver of PEMGroup and its subsidiaries and affiliates. *See id.* (Dkt # 246).

On May 14, 2010, the Receiver filed an action against Defendant HSBC Bank USA, N.A. ("Defendant" or "HSBC"), the New York-based commercial bank that served as cash custodian for securities offerings by various PEMGroup affiliates. *Compl.* ¶ 2, 49; *Mot.* 1:3-5. The Receiver's Complaint asserts four causes of action: (1) aiding and abetting breach of fiduciary

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#20
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3669 PSG (Ex) | Date | December 28, 2010 |
|---|---|---|---|
| Title | Robert P. Mosier, as Receiver for Private Equity Management Group Inc., *et al.* v. HSBC Bank USA, N.A. | | |

duty; (2) aiding and abetting conversion; (3) gross negligence; and (4) constructive trust (pursuant to Cal. Civ. Code § 2224). These claims arise from allegations that HSBC acted in concert with PEMGroup management to defraud investors and facilitated the misapplication of $300 million dollars for illicit and undisclosed purposes. Specifically, the Complaint alleges that HSBC assisted PEMGroup in creating and distributing reports to investors that omitted and/or misstated material facts relating to the status and value of fund assets. *Compl.* ¶¶ 6-7, 55, 56, 59, 60. It further alleges that HSBC improperly wired funds received by investors to Pang and PEMGroup management, and improperly directed wire transfers of investor funds into unauthorized investments. *Id.* ¶¶ 132, 139, 145, 151.

On July 9, 2010, HSBC filed a motion to dismiss for, *inter alia,* improper venue under Federal Rule of Civil Procedure 12(b)(3).[1] *See Dkt.* #20. HSBC's improper venue claim is based on a forum selection provision in the Cash Custodian Agreement ("CCA") it entered into with PEMGroup affiliates, which states that "any action, suit or proceedings against or by any of the other parties hereto with respect to [the CCAs]" shall be brought in New York. *Mot.* 8:17-19.

II.     Legal Standard

A motion to dismiss based on the presence of a forum selection clause is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3). *See Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir. 1996). Under Rule 12(b)(3), a court need not accept the pleadings as true and "may consider facts outside of the pleadings." *See id.; Richardson v. Lloyd's of London,* 135 F.3d 1289, 1292 (9th Cir. 1998). Further, a court evaluating a motion to dismiss for improper venue in the context of a forum selection clause "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1138-39 (9th Cir. 2003).

III.    Discussion

---

[1] HSBC also argues that the Receiver's claims should be dismissed for lack of standing, as well as for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). However, because the Court's ruling on venue is dispositive, it does not address these alternative arguments.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#20
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3669 PSG (Ex) | Date | December 28, 2010 |
|---|---|---|---|
| Title | Robert P. Mosier, as Receiver for Private Equity Management Group Inc., *et al.* v. HSBC Bank USA, N.A. | | |

As previously noted, HSBC served as cash custodian for securities offerings by various PEMGroup affiliates. *Compl.* ¶¶ 2, 49; *Mot.* 1:3-5. The terms and conditions of its engagement as such was governed by a Cash Custodian Agreement ("CCA"), which it entered into with the PEMGroup affiliate conducting the offering, as well as with a designated trustee. *See Lee Decl.* Exs. 8-27. The CCAs included a forum selection clause, providing that:

> Each of the parties hereto hereby irrevocably agrees that any action, suit or proceedings against or by any of the other parties hereto with respect to this Agreement shall be brought before the exclusive jurisdiction of the Federal or state courts located in the County of New York, State of New York, unless all parties hereto agree in writing to any other jurisdiction. Each of the parties hereto hereby submit to such exclusive jurisdiction.

*Id.* ¶ 18. The Receiver neither challenges the validity of this clause, nor asserts that a New York forum is unreasonable. Rather, in opposing HSBC's motion, he argues that because the causes of action asserted in the Complaint are unrelated to the CCAs, the CCAs' forum selection provision does not determine venue in this case. *Opp.* 4:15-5:3. Further, the Receiver contends that the CCAs' forum selection clause is preempted by the federal receiver statute, 28 U.S.C. § 754, which authorizes federal receivers to "exercise broad powers in administering, retrieving, and disposing of assets belonging to the receivership." *Id.* 6:6-10. As explained below, the Court disagrees.

Because forum selection is primarily a venue matter, courts apply federal law in interpreting forum selection clauses. *See, e.g., Manetti-Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 512 (9th Cir.1988); *Randhawa v. Skylux Inc*, Case No. 09-2304-WBS, WL 5183953, *10 -11 (E. D. Cal., Dec. 21, 2009). It is well established that forum selection clauses can apply equally to contractual and tort causes of action. *Manetti-Farrow, Inc*., 858 F.2d at 514 (internal citations omitted); *accord Marinechance Shipping, Ltd. v. Sebastian,* 143 F.3d 216, 221-22 (5th Cir. 1998) ("We find no persuasive support for such a general distinction [between tort and contract claims in the context of forum selection clauses]."); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd*., 709 F.2d 190, 203 (3d Cir.1983), *abrogated on other grounds by Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989) (rejecting plaintiff's argument that the forum selection clause is inapplicable to tort claims). However, in determining whether a forum selection clause applies to a tort claim, Ninth Circuit precedent requires the Court to consider whether "resolution of the claims relates to interpretation of the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#20
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3669 PSG (Ex) | Date | December 28, 2010 |
|---|---|---|---|
| Title | Robert P. Mosier, as Receiver for Private Equity Management Group Inc., *et al.* v. HSBC Bank USA, N.A. | | |

contract." *Manetti-Farrow, Inc.,* 858 F.2d at 512; *Modius, Inc. v. Psinaptic, Inc.,* No. 06-02074-SI, 2006 WL 1156390, *7 (N. D. Cal., May 2, 2006).

In *Manetti-Farrow,* the parties had entered into an exclusive dealership agreement that contained a forum selection clause giving the Court of Florence exclusive jurisdiction over any controversy regarding the contract. *Id.* at 511. Years later, after one defendant terminated the dealership agreement, the plaintiff filed suit in a federal district court located in California, alleging claims for, *inter alia,* tortious interference with prospective economic advantage and tortious interference with contractual relations. *Id.* The district court granted defendants' motion to dismiss based on the forum selection clause in the dealership agreement. *Id.* at 511-12. On appeal, the plaintiff argued that the forum selection clause did not cover the tort claims asserted in its complaint because the claims did not relate to the "interpretation" or "fulfillment" of the contract. *Id.* at 513-14.

The Ninth Circuit disagreed, reasoning that because each of the tort claims "relates in some way to rights and duties enumerated in the exclusive dealership contract[,] [t]he claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract." *Id.* Therefore, the court held that the tort claims at issue were within the scope of the forum selection clause. *Id.* at 514; *see also Modius, Inc.*, 2006 WL 1156390 at *7 (holding that plaintiff's claims for intentional misrepresentation, negligent misrepresentation and fraudulent inducement fell within the scope of the forum selection clause*;* they related to the underlying contract because the "factfinder necessarily need[ed] to examine and interpret the Reseller Agreement for evidence of what the parties intended their rights and duties" to be).

Here, as in *Manetti-Farrow*, the Receiver's tort claims against HSBC "relate in some way" to HSBC's "rights and duties" as cash custodian, as set forth in the CCAs. Consider, for instance, the Receiver's first three causes of action for aiding and abetting breach of fiduciary duty, aiding and abetting conversion, and gross negligence. Each of these claims involves allegations that HSBC improperly wired investor funds to PEMGroup management, and improperly directed wire transfers of investor funds into unauthorized investments. *Compl.* ¶¶ 132, 139, 145. However, under Section 4 of the CCAs, HSBC was contractually obligated to transfer funds at the direction of PEMGroup management.[2] It appears to the Court that HSBC's

---

[2] Specifically, Section 4 of the CCAs required HSBC to: (1) to accept cash and instruments "as instructed" by the specific PEMGroup entity or the Trustee in an appropriately designated account, (2) to confirm such receipt in writing, (3) to provide statements of each account on a

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#20
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3669 PSG (Ex) | Date | December 28, 2010 |
|---|---|---|---|
| Title | Robert P. Mosier, as Receiver for Private Equity Management Group Inc., *et al.* v. HSBC Bank USA, N.A. | | |

status as cash custodian, and acts it performed in that capacity pursuant to the CCAs, form the primary basis for the claims asserted in the Complaint. *See, e.g., Compl.* ¶ 50 (alleging that HSBC had knowledge of PEMGroup's fraud and misappropriation because "HSBC, as Cash Custodian [for PEMGroup affiliates] had a duty to hold and maintain the funds and assets [the affiliates] acquired.").

While resolution of this action may not hinge upon competing interpretations of the CCAs (as in *Manetti-Farrow*), based upon the foregoing, the Court finds that the Receiver's tort claims are closely related to HSBC's rights and duties under the CCAs. This lawsuit thus constitutes an "action, suit or proceedings against or by any of the other parties hereto with respect to [the CCAs]." *See Lee Decl.* Ex. 8. As such, it is therefore subject to the CCAs' forum selection clause providing for venue in New York. *Cf. Marsh USA, Inc. v. Karasaki*, No. CV 08-00149-SOM, 2008 WL 1805662, *6 (D. Haw. Apr. 22, 2008) (noting that, "[t]he language 'with respect to'" in a forum selection clause "is broad and encompasses all claims that may fall within the [contract]."); *Futuredontics, Inc. v. Applied Anagramics, Inc*, No. CV 97-6991 CM, 1998 WL 35242853, *2 (C.D. Cal., June 10, 1998) ("the key point is that 'with respect to the agreement' is all but indistinguishable from [the broad phrase] 'related to the agreement.'").

That this action involves a SEC receivership does not affect the Court's analysis. The federal receiver statute, which provides that a receiver "shall have capacity to sue in any district without ancillary appointment," 28 U.S.C. § 754, was enacted to "streamline federal procedure," not to "change the law with respect to jurisdiction." *U.S. v. Franklin National Bank,* 512 F.2d 245, 249 (2d Cir. 1975) (holding that a receiver appointed in one federal district had to allege independent jurisdictional basis to maintain suit in another federal district to recover money erroneously paid from corporation's account). Forum selection clauses are considered presumptively valid; a "heavy burden" befalls a party seeking to establish that a forum selection clause is unenforceable. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (*citing M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). This is especially so where, as here, the forum selection clause is the product of an informed agreement between sophisticated parties represented by counsel. Contrary to the Receiver's

---

monthly basis and as requested by the PEMGroup Entity or the Trustee, and (4) to transfer assets from the PemGroup entity accounts "*upon the written direction"* of the entity, and/or transfer assets from the Trustee accounts "*upon the written direction*" of the Trustee. *Id*., Exs. 8-27 ¶ 4 (emphasis added).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#20**
**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-3669 PSG (Ex) | Date | December 28, 2010 |
|---|---|---|---|
| Title | Robert P. Mosier, as Receiver for Private Equity Management Group Inc., *et al.* v. HSBC Bank USA, N.A. | | |

claim, Section 274 offers no textual basis to support the view that the involvement of a federal receiver may negate an otherwise enforceable forum selection clause.

Further, as the Second Circuit has recognized, the authority of a court-appointed receiver is defined by the entity or entities in the receivership. *Eberhard v. Marcu*, 530 F.3d 122, 132 (2d Cir. 2008) ("The plaintiff in his capacity of receiver has no greater rights or powers than the corporation itself would have."). Thus, because the receivership entities in this case would be bound by the terms of the CCAs, for purposes of this action, the Receiver is likewise bound.

IV.     Conclusion

For the foregoing reasons, the Court finds that venue in this district is improper. Defendants' Motion to Dismiss under Rule 12(b)(3) is therefore GRANTED

**IT IS SO ORDERED.**